UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINGO VILLEGAS VASQUEZ,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. C16-5341 RBL-KLS

**REPORT AND RECOMMENDATION**
**Noted For:  September 1, 2016**

Petitioner Domingo Villegas Vasquez has filed a petition for writ of error *coram nobis* under the "All Writs Act," 28 U.S.C. 1651(a) to challenge his 2001 convictions for kidnapping in the first degree and assault in the second degree. Dkt. 4. Petitioner states that he was found guilty, sentenced to 90 months and 70 months, respectively, and 3 years parole. After he completed his sentence, he was picked up by immigration officers and deportation proceedings were commenced against him. *Id.* at 2. Petitioner argues that he was mentally unstable to stand trial and assist his counsel and that when he later attempted to file a petition for writ of habeas corpus, he was given psychotropic drugs to punish him and prevent him from pursuing his rights. *Id.* at 2-3.

Petitioner asserts that this Court has jurisdiction to consider the instant petition. *Id.* at 5. However, "[i]t is well settled that the writ of error coram nobis is not available in federal court to

REPORT AND RECOMMENDATION - 1

attack state criminal judgments.  A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana,* 679 F.2d 513, 514 (5th Cir. 1982) (per curiam); *Madigan v. Wells,* 224 F.2d 577, 578 n. 2 (9th Cir.1955), *cert. denied*, 351 U.S. 911 (1956) (citing 28 U.S.C. § 1651(a); *United States v. Morgan*, 346 U.S. 502, 506 (1954) ( "the writ [of *coram nobis*] can only issue, if at all, only in aid of the jurisdiction of the [ ] court which the conviction was had."); *See Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2d Cir. 2006) (collecting cases). *See also*, *United States v. Tucor International, Inc.*, 35 F.Supp.2d 1172, 1177 (N.D. Cal. 1998) ("[d]istrict courts are therefore authorized to issue the writ in federal criminal matters pursuant to the All Writs Act, 28 U.S.C. § 1651(a), [citation omitted] but may not entertain a petition for the writ with respect to challenges to state convictions"); *Martinez v. Lockyer,* 453 F. Supp. 2d 1150, 1152 (C.D. Cal. 2006) (same).

      Documents filed by petitioner indicate that he was held in a state prison in Oregon (Two Rivers Correctional Institution).  *See, e.g.,* Dkt. 5 at 38.

      The Court advised petitioner that if he was challenging his 2001 state court convictions, the Court lacks jurisdiction because a writ of coram nobis is not available in federal court to attack the judgment of a state court.  Petitioner was granted leave to show cause why his writ of coram nobis should not be dismissed for lack of subject matter jurisdiction and was cautioned that a failure to show cause would result in a recommendation that this matter be dismissed.  Dkt. 6.

      Petitioner filed a response to the Court's Order.  Dkt. 7.  However, he fails to show why his writ of coram nobis should not be dismissed for lack of subject matter jurisdiction.  His submission consists of grievances filed in 2014 and 2015 with the Oregon State Department of Corrections relating to his mental health treatment and medications, portions from what appear to

REPORT AND RECOMMENDATION - 2

be his Oregon state court proceedings, mental health assessments from 2000 and 2001, and lists of medications for various years.  Dkt. 7.

## CONCLUSION

The Court recommends **DENYING** the petition for the writ of error coram nobis for lack of subject matter jurisdiction as it may not entertain such a petition with respect to challenges to state convictions.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).   Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 1, 2016**, as noted in the caption.

DATED this 17th day of August, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3